UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

HECTOR MANUEL RAMOS,

        Petitioner,

- against -

UNITED STATES OF AMERICA

        Respondent.

------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/10
```

MEMORANDUM
OPINION AND ORDER

09 Civ. 7938 (SAS)

03 CR 724 (GEL)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Pro se petitioner Hector Manuel Ramos, currently incarcerated, seeks post-conviction habeas relief under section 2255 of Title 28 of the United States Code ("section 2255").[1] In addition, Ramos also filed a Motion for "Default" & "Summary" Judgment Relief (the "Motion") in which he asserts that he is entitled to the aforementioned relief as a matter of law under Federal Rules of Civil Procedure 55(a) and 56(c).[2] For the following reasons, petitioner's supplemental Motion is denied.

---

    [1]    *See* Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed September 16, 2009 ("Habeas Motion").

    [2]    *See* Affidavit in Support of Motion for "Default" & "Summary" Judgment Relief ("Pet. Aff.") ¶ 7.

Within the habeas context, a motion for summary judgment is generally brought by a respondent seeking to summarily dispose of a habeas petition or motion without an evidentiary hearing. Summary judgment is used to determine whether there is a need for an evidentiary hearing. As explained by the Supreme Court in *Blackledge v. Allison*:

> This is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing. As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence. That procedure is, of course, the motion for summary judgment. Upon remand the warden will be free to make such a motion, supporting it with whatever proof he wishes to attach. If he chooses to do so, [petitioner] will then be required either to produce some contrary proof indicating that there is a genuine issue of fact to be resolved by the District Court or to explain his inability to provide such proof.[3]

The Second Circuit applied the teachings of *Blackledge* in *United States v. Aiello*,[4] stating:

> When considering a § 2255 habeas application the supporting affidavits must be examined first. Opposing affidavits should also be considered in order to test the sufficiency of the petitioner's allegations, but not for

---

[3] *Blackledge v. Allison*, 431 U.S. 63, 80 (1977) (footnote omitted) (citing Fed. R. Civ. P. 56(e), (f)).

[4] 814 F.2d 109 (2d Cir. 1987).

finding them false. Not every application that is supported by a set of facially meritorious allegations will survive a motion to deny the writ. To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence. Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations. Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing. Hence, like a motion for summary judgment in civil cases, both the petitioner's and government's affidavits – taken together – are used to determine the existence of genuine issues of material fact. If the affidavits disclose such material issues, then the application will survive a motion to dismiss and a contrary ruling that summarily disposes of the petition is error.[5]

In the above cited cases, summary judgment was used to determine whether there was a need for an evidentiary hearing. Conversely, a petitioner must show that there is a genuine issue of material fact with regard to at least one of his claims to warrant an evidentiary hearing. This Court is unaware of any case where summary judgment was used to grant a section 2255 motion in the petitioner's favor. Moreover, Ramos has not established the absence of any genuine issues of material fact that would justify an award of summary judgment in his favor. Accordingly, Ramos's motion for summary judgment under Rule 56 is denied.[6]

---

[5]     *Id.* at 113-14 (citations omitted).

[6]     In his Affidavit, it appears that Ramos has confused summary judgment with judgment by default. *See* Pet. Aff. ¶ 5 ("When the respondent

Ramos also asks this Court to enter judgment by default, on account of respondent's alleged failure to oppose his section 2255 motion in a timely manner. On September 22, 2009, Judge Gerard E. Lynch ordered respondent to file an answer and any other opposition papers by November 13, 2009.[7] On November 13, 2009, Assistant United States Attorney Howard S. Master sent this Court a letter requesting a two-week extension of the deadline previously set by Judge Lynch.[8] I granted this request in a memo endorsement, thereby adjourning the Government's response until November 27, 2009.[9] Petitioner's reply was correspondingly adjourned to December 27, 2009.[10] The "Government's

---

failed to defend and deny petitioner's allegations, the respondent admitted to those allegations, admitting that there are no material facts genuinely at issue to oppose and dispute."). In any event, summary judgment is inappropriate when based on the Government's failure to reply within the original, court-ordered deadline. *See Brito v. United States*, No. CIV. A. 97-2038, 1997 WL 452190, at *1 n.5 (D.N.J. Aug. 1, 1997) ("Brito moves for summary judgment on the ground that the government failed to reply to his complaint within the applicable time limitation, without being granted an extension from the Court in which to file an Answer. The Court will deny Brito's motion because the Court granted the government an extension to file its Answer and the government complied with the extended time period.").

[7] *See* Docket Sheet, 09 Civ. 7938 (SAS), Document # 2.

[8] *See id.* Document # 5.

[9] *See id.*

[10] *See id.*

Memorandum in Opposition to Defendant's Motion Under [2]8 U.S.C. § 2255" ("Gov't Opp.") was filed one day late, on Saturday, November 28, 2009.[11] The Certificate of Service attached to that Memorandum indicates that a copy was sent to Ramos by First Class Mail on Monday, November 30, 2009. Petitioner's Reply, dated December 13, 2009, was docketed on December 16, 2009.[12]

Judgment by default is disfavored with regard to habeas petitions, whether state or federal. In *Bermudez v. Reid*,[13] the Second Circuit reversed a district court which granted a habeas petitioner a default judgment where the State failed to respond within three months after the court-ordered deadline expired.[14] In reversing the grant of judgment by default, the Second Circuit stated:

> were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them. In this respect, default in habeas

---

[11] *See* Docket Sheet, 03 CR 724 (GEL), Document # 92.

[12] *See id.* Document # 93.

[13] 733 F.2d 18 (2d Cir. 1984).

[14] *See id.* at 19 ("The petition was assigned to Judge Charles Stewart, who, on March 29, ordered the State to respond within 30 days. On July 28, 1983, after four months had elapsed and the State had still not responded despite repeated extensions and notices from the court, Judge Stewart entered a default judgment for petitioner.") (citation omitted).

proceedings differs from default in other civil cases . . . .[15]

In addition to the general aversion to judgment by default within the habeas context, there is a judicial gloss on Rule 55 requiring the petitioner to show prejudice resulting from the respondent's default. For example, in *Oladiji v. United States*, a district court denied the petitioner's request for default judgment where the Government was late in responding by three days, stating:

> Oladiji's [petitioner's] December 20, 1995 motion for a default judgement is denied, as the United States Attorney, although certainly tardy in its response to Oladiji's § 2255 motion, did receive a one month extension on December 18, 1995. Although the government did not submit its response until three days after the expiration of the extension and the Court cannot condone this behavior in light of the multiple and generous extensions granted, Oladiji has shown no prejudice by the slight delay.[16]

Here, the Government's response was originally due on November 13, 2009. However, this Court granted the Government a two-week extension, until November 27, 2009, in which to file its Answer.[17] The Government filed its

---

[15] *Id.* at 21.

[16] 953 F. Supp. 43, 45 (E.D.N.Y. 1996).

[17] Notably, Judge Lynch ordered the Government to *file* its Answer by November 13, 2009. *See* Document # 2, 9/22/09 Order from Judge Lynch ("IT IS FURTHER ORDERED, that respondent shall *file* an answer to the petition or other pleading in response thereto no later than November 13, 2009.") (emphasis added). Judge Lynch set petitioner's reply date with reference to the date the

opposition papers on November 28, 2009, one day after the extended deadline. But this one-day delay in filing in no way prejudiced petitioner, who was able to file his Reply on December 16, 2009, within two weeks after being served. Because the Government answered Ramos's petition in a near timely manner, a default judgment is not warrranted. Thus, Ramos's request for judgment by default is denied.

In sum, for the foregoing reasons, petitioner's motion for summary judgment and judgment by default is denied.[18] The Clerk of the Court is directed to close this motion (Document # 94 in 03 CR 724).

---

Government's answer was *served* on petitioner. *See id.* ("IT IS FURTHER ORDERED that petitioner shall have thirty days from the date on which he is served with respondent's answer to file a response."). This Court's extension of this deadline did not distinguish between the date of filing and the date of service. *See* Document # 5, Memo Endorsement to the 9/13/09 Letter from AUSA Howard Master ("The government's request for a two-week extension to respond to the petition is hereby granted. The government's response is *due* November 27, 2009.") (emphasis added). Thus, it was reasonable for the Government to assume that it had to file its Answer by November 27, 2009, but that service upon petitioner could be made shortly thereafter, which was done. *See* Certificate of Service to Gov't Opp. (stating that the Government's opposition was mailed to petitioner by First Class Mail on November 30, 2009).

[18]    Ramos's Habeas Motion will be decided in a separate Opinion and Order.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
              July 2, 2010

## - Appearances -

**Petitioner (Pro Se):**

Hector Manuel Ramos
# 52745-054
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

**For Respondent:**

Howard S. Master
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2248